UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  22-81364-CV-AMC

RAFAEL FIS, and
MARIA FIS,

        Plaintiffs,

vs.

NEWREZ, LLC
d/b/a SHELLPOINT MORTGAGE SERVICING,

        Defendant.
_____/

**REPORT AND RECOMMENDATION ON MOTION TO DISMISS COMPLAINT    [ECF No. 8]**

Plaintiffs Rafael and Maria Fis bring this action for damages under the Real Estate Settlement Procedures Act ("RESPA"). ECF No. 1. Defendant moves to dismiss on the grounds that Plaintiffs lack statutory standing, lack Article III standing, and fail to adequately plead an entitlement to damages. ECF No. 8. For the following reasons, Plaintiffs have not suffered a constitutionally-sufficient injury-in-fact, so they lack Article III standing. The Motion to Dismiss should be GRANTED.

I.    FACTS[1]

In May 2008, a single-family residence at 8921 Starhaven Cove, Boynton Beach, Florida ("the Property"), was sold. ¶¶ 11, 14, 15. The warranty deed conveyed

---

[1] Unless otherwise noted, these facts are taken from the Complaint, ECF No. 1. Citations to paragraphs ("¶") refer to the numbered paragraphs of the Complaint.

title to Diana Fis, Omar Fis, Raphael Fis, and Maria Fis. ¶15; ECF No. 8 at 22.[2] Simultaneously, Diana and Omar Fis signed a promissory note with Bank of America ("the Note"). ¶14; ECF No. 8 at 24-29. The note was secured by a mortgage on the Property ("the Mortgage"). ¶14. The original mortgage was conveyed only by Diana and Omar Fis. ECF No. 8 at 31. It was later reformed *nunc pro tunc* to add Raphael and Maria Fis as mortgagors. ¶17. Raphael and Maria Fis were not obligors on the Note. ECF No. 8 at 24-29.

Defendant is the servicer for the Note. ¶9. On June 27, 2022, Raphael and Maria Fis submitted a loan mitigation application (LMA) to Defendant. ¶18. Defendant did not respond to the LMA. ¶20. On August 1, 2022, Raphael and Maria Fis sent a reminder notice to Defendant. ¶22. Defendant did not respond to the reminder notice. ¶24.

## II. LEGAL PRINCIPLES

The proper procedural vehicle to challenge Article III standing is a motion under Fed. R. Civ. P. 12(b)(1). Article III standing is a prerequisite to the Court exercising subject matter jurisdiction. "Article III standing 'limits the category of

---

[2] The Note, Mortgage, and warranty deed were appended to Defendant's Motion. The Court can consider these documents even though they are outside the four corners of the Complaint. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (In ruling on 12(b)(6) motion, court can consider documents attached to the motion if they are central to the plaintiff's legal claims and their authenticity is not challenged.); *Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir. 1990) (citations omitted) (Court can consider matters outside the pleadings when defendant challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings.").

litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong,' *Spokeo, Inc. v. Robins*, ⎯⎯ U.S. ⎯⎯, 136 S. Ct. 1540, 1547, 194 L.Ed.2d 635 (2016), and it 'is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims.'" *United States v. Ross*, 963 F.3d 1056, 1062 (11th Cir. 2020) (en banc) (citation omitted). Without Article III standing, there is no constitutionally-cognizable case or controversy. A Court that lacks subject matter jurisdiction is without power to act.

In contrast, when Congress creates a statutory cause of action, it can limit the class of people who can assert that cause of action. A person must fall within the class to obtain relief. A person who falls outside that class can be said generically to lack "standing" in the sense that he/she is not allowed to bring a lawsuit under the statute. But, the proper perspective is that the person cannot satisfy one of the elements of the cause of action — they cannot state a claim upon which relief can be granted. The proper procedural vehicle to frame this issue is a motion under Fed. R. Civ. P. 12(b)(6).

The same facts may resolve whether a person has Article III standing and/or can state a claim upon which relief can be granted. For example, a person who falls outside the coverage of a statute often will not have suffered a sufficient injury-in-fact. Where relief is sought simultaneously under both Rules 12(b)(1) and 12(b)(6), the Court should address the 12(b)(1) issue first. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) ("Ordinarily, where both these grounds for dismissal apply, the court should dismiss only on the jurisdictional ground under Fed. R. Civ.

P. 12(b)(1), without reaching the question of failure to state a claim under Fed. R. Civ. P. 12(b)(6).").

## A. Article III Standing

As relevant here, Article III of the constitution limits the judicial power of the federal courts to cases or controversies arising under the laws of the United States. "This case-or-controversy requirement comprises three familiar 'strands': (1) standing, (2) ripeness, and (3) mootness." *Gardner v. Mutz*, 962 F.3d 1329, 1336 (11th Cir. 2020) (citations omitted).

The party invoking the jurisdiction of a federal court bears the burden of establishing these elements to the extent required at each stage of the litigation. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

There are three elements to establish standing. There must be an injury-in-fact (an invasion of an interest that is *both* concrete and particularized, and actual or imminent), a causal connection between the plaintiff's injury and the challenged action of the defendant, and a likelihood (not merely speculation) that a favorable judgement will redress the plaintiff's injury. *Gardner,* 962 F.3d at 1338 (quoting *Lujan*, 504 U.S. at 560-61). A plaintiff must satisfy all three elements to establish standing. *Id.*

> To be a concrete injury-in-fact, a plaintiff's injury must be "de facto" and "real", not "abstract." *Gardner, supra,* at 1341. An injury must also be particularized in that it "must affect the plaintiff in a personal and individual way." *Spokeo Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). All three requirements of concrete, particularized, and imminence must be met to establish an injury-in-fact. *Trichell v. Midland Credit Mgmt., Inc.*, No. 18-14144, 2020 WL 3634917, at *3 (11th Cir. July 6, 2020). The causation requirement of standing requires that, "a plaintiff's injury

4

> must be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Jacobson v. Florida Secretary of State,* 957 F.3d 1193, 1207 (11th Cir. 2020) (quoting *Lujan*, 504 U.S. at 560). Redressability is the likelihood that a favorable judgment by the court will actually redress the plaintiff's alleged injury.

*Tomelleri v. Natale*, 19-CV-81080, 2020 WL 5887151, at *2–3 (S.D. Fla. July 16, 2020) (J. Reinhart).

    B. RESPA

RESPA requires "servicers" of "federally related mortgage loans" to take certain actions in response to requests from "borrowers." *See, e.g.,* 12 U.S.C. §2605(k). The statute defines "servicer", 12 U.S.C. §2605(i)(2), and "federally related mortgage loan." 12 U.S.C. §2602(1). Neither the statute nor its implementing regulations define "borrower."

As relevant here, RESPA and its regulations require a servicer to respond in writing within five business days of receiving an LMA from a borrower. 12 C.F.R. § 1024.41(b)(2)(i)(B). The response must acknowledge receipt of the LMA and must tell the borrower whether the loan servicer considers the LMA complete or incomplete. *Id*. Separately, within 30 days of receiving the LMA, the loan servicer must notify the borrower in writing whether any loan mitigation options were available for the borrower. 12 C.F.R. § 1024.41(c). That 30-day period can be extended if the borrower sends a reminder notice. *Id*.

### III. DISCUSSION

Resolution of this Motion turns on the definition of the term "borrower" as used in RESPA. The Complaint alleges that Defendant violated RESPA by not providing

timely and proper responses to the LMA and the Reminder Notice. ECF No. 1 ¶¶24, 36, 44. Defendant argues Plaintiffs are not "borrowers" entitled to invoke RESPA.³

Before turning to the merits, it is instructive to briefly review the structure of a secured, funded residential purchase transaction, and the relevant documents. In such a transaction, the seller conveys real property to the buyer for money. The document evidencing the transfer of title is the deed. The buyer borrows money from a lender and signs a promissory note; the note is an agreement that the buyer will pay the lender back.

There are multiple ways the lender can decrease the risk of not being repaid. Often, the buyer conveys a security interest in the real property to the lender; the document formalizing that security interest is the mortgage. Restatement (Third) of Property (Mortgages) § 1.1 (1997) ("A mortgage is a conveyance or retention of an interest in real property as security for performance of an obligation"). Or, a third party who is not a signatory to the note can pledge their own assets to secure the loan. If the third party has an interest in the real property, they can sign the mortgage, or they can execute a separate security agreement. Or, a third party may guarantee repayment of the loan even though that person does not receive the loan proceeds. The guarantor may be a signatory to the note or may execute a separate guarantee document.

---

³ The Complaint alleges, and Defendant does not dispute, that Defendant is a loan servicer for purposes of RESPA, ¶9, and that the Note was a federal related mortgage loan. ¶13. Defendant also asserts it properly responded to the LMA. ECF No. 8 at 5 n.2. This assertion is not supported by any sworn declaration or authenticated document, so it will not be considered.

Standing alone, the mortgage is not an obligation or promise to pay anything. Restatement (Third) of Property (Mortgages) § 1.1 cmt. (1997) ("Unless it secures an obligation, a mortgage is a nullity."). It merely pledges an identifiable asset as security for the loan. The mortgage may contain conditions such as keeping the loan current, having insurance, paying property taxes, and maintaining the property in good order. If the owner fails to comply with these conditions, the lender can sue to take ownership of the property to pay the debt. Restatement (Third) of Property (Mortgages) § 8.1 cmt. (note can become immediately due and payable not only "for failure to pay the mortgage debt promptly, but also for defaults in mortgage covenants to pay taxes, to maintain insurance, to keep buildings intact, to maintain an adequate financial condition, to avoid the commission of waste, and the like."). When the lender takes the mortgaged asset, it is said to "foreclose" on it. Under Florida law, a foreclosure extinguishes the mortgage. *U.S. Bank Nat'l Ass'n v. Larsen*, 736 Fed. Appx. 775, 777 (11th Cir. 2018). Depending on the terms of the note, a foreclosure on the property may also extinguish the debt.[4]

People often conflate the loan and the mortgage. They speak in terms of making a "mortgage payment" or "owing a mortgage." Whatever colloquial value those phrases may have, they are not legally accurate. The mortgage does not create

---

[4] If the lender is limited to collecting against the mortgaged asset, the loan is a "non-recourse" loan. Restatement (Third) of Property (Mortgages) § 1.1 cmt. (1997). Otherwise, if the value of the foreclosed property is not enough to pay off the full debt, the lender can obtain a deficiency judgment and try to collect the balance of the debt from the borrower's other assets. Restatement (Third) of Property (Mortgages) § 8.4 cmt. (1997)

an obligation to pay; the promissory note does not transfer a security interest in the property:

> A "mortgage is the security for the payment of the negotiable promissory note." A promissory note is not a mortgage. Instead,
>
>> "The promise to pay is one distinct agreement, and, if couched in proper terms is negotiable. The pledge of real estate to secure that promise is another distinct agreement, which ordinarily is not intended to affect in the least the promise to pay, but only to give a remedy for failure to carry out the promise to pay. The holder of the note may discard the mortgage entirely, and sue and recover on the note."

*Cleveland v. Crown Fin., LLC*, 183 So. 3d 1206, 1209–10 (Fla. 1st DCA 2016) (citations omitted). "Put simply, a loan obligates you to pay the lender back, while a mortgage gives the lender the ability to take your house if you fail to meet that obligation. Thus, although most people get both a loan and a mortgage when they buy a house, the two are separate agreements setting forth different rights and obligations." *Keen v. Helson*, 930 F.3d 799, 801 (6th Cir. 2019).

Defendants allege that Plaintiffs have not suffered a constitutionally-sufficient injury-in-fact because they were not borrowers or otherwise obligated on the Note. ECF No. 8 at 4-5. The Eleventh Circuit addressed this issue in *Johnson v. Ocwen Loan Servicing,* 374 Fed. Appx. 868 (11th Cir. 2010). There, the plaintiff's mother purchased a property, borrowed money for the purchase, and executed a mortgage on the property to secure the loan. The mother later transferred the property to the daughter by quitclaim deed. The defendant was the loan servicer. Plaintiff sued under RESPA. The loan servicer moved to dismiss on the grounds that plaintiff had not

8

suffered an injury-in-fact because she was not the borrower on the loan. The district court dismissed for lack of subject matter jurisdiction and the Eleventh Circuit affirmed. It said, "[Plaintiff's] amended complaint fails to establish Article III standing, because [plaintiff] was not a borrower or otherwise obligated on the [defendant's] loan and, therefore, did not suffer an injury-in-fact." *Id*. at 873.[5]

*Johnson* is dispositive of Plaintiffs' claim. Like the plaintiff in *Johnson*, they are not signatories to the promissory note nor do they have any legal obligation to repay the note.

The Sixth Circuit in *Keen* reached the same conclusion. There, a husband and wife bought a home. Both signed the mortgage. Only the husband signed the loan. They later divorced and the husband conveyed full title to the wife. After the husband died, the wife continued making payments on the loan, even though she was not an obligor. When she fell behind on her payments, she asked the lender for relief. The lender foreclosed on the house. The wife then sued under RESPA. The Sixth Circuit held that the wife was not a "borrower" and therefore had no cause of action under RESPA.[6] *See* 930 F.3d at 806; *see also Nelson v. Nationstar Mortgage LLC,* 7:16-CV-00307-BR, 2017 WL 1167230, at *3 (E.D.N.C. Mar. 28, 2017) (collecting cases holding

---

[5] I interpret the phrase "otherwise obligated on" the loan to reference third party guarantors, who have a contractual duty to repay the loan.

[6] Unlike the Eleventh Circuit in *Johnson*, which found a lack of constitutional standing, the Sixth Circuit resolved *Keen* on 12(b)(6) grounds. 930 F.3d at 806 ("The district court correctly concluded that Keen does not have a cause of action under RESPA because she is not a "borrower" and therefore properly dismissed her claims.").

9

that only individuals who execute the promissory note are "borrowers" with standing to bring a RESPA claim).

Plaintiffs attempt to distinguish *Johnson* because the plaintiff there — unlike Plaintiffs here — was not a signatory to the mortgage. ECF No. 9 at 4-5. Being a signatory on the mortgage does not create an obligation to repay the related promissory note. Plaintiffs also assert:

> Plaintiffs acquired title via a special warranty deed <u>directly from the home builder (the first family to ever live in the subject property),</u> lived in the property since 2008, always intended to be on the Mortgage, made payments on the loan, have the property homesteaded in their name, and have otherwise obligated themselves to the non-payment covenants of the Mortgage, such as occupying and maintaining the property, and the threat of default and possible foreclosure.

ECF No. 9 at 5 (emphasis in original) (footnote omitted). These additional facts are not alleged in the Complaint nor are they supported by sworn evidence or documents (other than a citation to the Palm Beach Property Appraiser's website showing that the Property is homesteaded in the names of Rafael and Maria Fis). *Id.* n.3. Even if they are accepted as true, they do not affect whether Plaintiffs are "borrowers." Even if Plaintiffs (like the wife in *Keen*) have voluntarily done things to prevent losing the Property or to evince an intention to own the Property themselves, they are not legally obligated to repay the Note.[7]

Plaintiffs rely on *Ocampo v. Carrington Mortgage Servs., LLC,* 288 F. Supp. 3d 1327, 1333 (S.D. Fla. 2017), but that case (which cannot overrule or modify the

---

[7] I suspect Plaintiffs would take a contrary position if the lender tried to get a deficiency judgment against them on the theory that the cited actions converted them into persons obligated to pay the full amount of the Note.

10

Eleventh Circuit's decision in *Johnson*) does not support Plaintiffs' position. In *Ocampo*, the plaintiff was the co-purchaser of a residential real property. He executed a note and mortgage related to that purchase. Nine months later, he transferred his ownership interest to his co-purchaser by quitclaim deed, but he remained obligated under the mortgage. Five years after that, he filed for bankruptcy and was discharged from his obligations under the note. One month after the discharge, the lender foreclosed on the property, which ended the plaintiff's obligations under the mortgage. Two years later, despite no longer holding any ownership in the property or being obligated on the note or mortgage, the plaintiff sought a loan modification. When it was denied, he sued the loan servicer under RESPA.

This Court dismissed the lawsuit for lack of Article III standing. It framed the issue presented as "whether an individual with no legal interest in the property and with no financial obligation for that property can avail himself of the remedies under RESPA." *Id*. at 1328. The answer was, "No." *Id*. The Court also said, "Were the Court to hold otherwise, any individual could initiate loan modification proceedings with a loan servicer, perhaps for their neighbor or family member, in the hopes that the loan servicer would commit a procedural violation subject to attorney's fees. The requirements of Article III of the Constitution prohibit such an absurd result." *Id*.

In a separate discussion, in dicta, of prudential standing, the Court said, "The statute does not define borrower, however, courts consistently hold that a borrower is someone who either signed the note or who is otherwise obligated under the mortgage." *Id*. at 1333 (citing *Washington v. Green Tree Servicing LLC*, No. 15-cv-

11

354, 2017 WL 1857258, at *4 (S.D. Ohio May 5, 2017)). It continued, "While Plaintiff was once a borrower under the note and mortgage, he is no longer obligated under either instrument. Indeed, he was fortunate enough to lose his status as a 'borrower' when the bankruptcy court discharged his debt." *Ocampo*, 288 F. Supp. 3d at 1333.

Even though the plaintiff in *Ocampo* had both "no legal interest in the property and … no financial obligation for that property," the Court never said that both of these conditions were necessary to its decision. Those were the accurate facts of that case. To the extent *Ocampo* used the phrase "obligated under the mortgage" that language was imprecise and inaccurate in this context. In sum, Plaintiffs are incorrect in concluding that *Ocampo* announces a rule that *either* a legal interest in the property or a financial obligation is sufficient to convey "borrower" status.[8]

Although the Eleventh Circuit's binding ruling in *Johnson* disposes of this case, in the alternative I would turn to canons of statutory interpretation. I adopt in full Judge Thapar's thorough discussion in *Keen* of how to apply the relevant canons to the term "borrower" in RESPA. 930 F.3d at 802-04. I further adopt his conclusion that "only people who are personally obligated under a loan — those who signed or assumed it — can be 'borrower[s]' under RESPA. Conversely, signing a *mortgage*, or owning a home subject to one, does not make you a 'borrower.'" *Id.* at 802 (brackets and italics in original).

---

[8] Plaintiffs also rely on other district court cases from outside the Eleventh Circuit, including cases in the Sixth Circuit that are superseded by *Keen*. This Court is bound by *Johnson*, so no further discussion of those cases is needed.

12

Plaintiffs hold title to the Property by virtue of the warranty deed. They have given the lender a security interest in the Property through the Mortgage. But, they have not received anything from the lender and are not obligated as a matter of contract to repay the Note. To avoid losing the Property, it may be in their economic interest to repay the Note, but that "obligation" does not make them "borrowers" for purposes of RESPA.

Because Plaintiffs are not "borrowers" within the meaning of RESPA, their Complaint must be dismissed for lack of Article III standing. *Johnson*, 374 Fed. Appx. at 873.

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court GRANT the Motion to Dismiss without prejudice. *See Stalley ex rel. United States v. Orlando Rel's Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (A dismissal for a lack of standing is not a ruling on the merits and is entered without prejudice.).

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 28th day of December 2022.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE